# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC,<br><br>Plaintiff,<br><br>v.<br><br>TRIMBLE INC. and CATERPILLAR TRIMBLE CONTROL TECHNOLOGIES LLC,<br><br>Defendants. | § § § § § § § § § § § § § § | Case No. 2:25-cv-00952-JRG<br>(LEAD CASE)<br><br>**JURY TRIAL DEMANDED** |
| AGIS SOFTWARE DEVELOPMENT LLC,<br><br>Plaintiff,<br><br>v.<br><br>TYLER TECHNOLOGIES, INC.,<br><br>Defendant. | § § § § § § § § § § § § | Case No. 2:25-cv-00954-JRG<br>(MEMBER CASE)<br><br>**JURY TRIAL DEMANDED** |

## PROTECTIVE ORDER

WHEREAS, Plaintiff AGIS Software Development LLC and Defendants Trimble Inc. and Tyler Technologies, Inc., hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.  Each Party may designate as confidential for protection under this Order, in whole or in part,

any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE." The words "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the words "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE."

2. Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" shall receive the same treatment as if designated "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - OUTSIDE COUNSEL'S EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 14 herein:

   (a) outside counsel of record in this Action for the Parties;

   (b) employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

   (c) in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

   (d) up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

   (e) outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party at least ten (10) days before access to the Protected Material is to be given to that consultant or expert, along with (i) the name, address, current curriculum vitae; (ii) an identification of the consultant's, technical advisor's or expert's past and current employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by the consultant, technical advisor or expert for the past five (5) years of the consultant, technical advisor, or expert; (iii) a list of the cases (identified by name and number of the case and location of the court) in which the consultant, technical advisor or expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, within the preceding five (5) years); and (3) within ten (10) days of receipt of the disclosures described in subparagraph (e)(2) above, the producing Party may notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to

resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order.

(f) independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g) the Court and its personnel.

6. A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7. Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED --

OUTSIDE ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

9. For Protected Material designated RESTRICTED -- OUTSIDE ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-g).

10. For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

   (a) Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) in a secured locked room. The receiving Party may request that commercially available licensed software tools for viewing and searching of Source Code Material be installed, upon the reviewing Receiving Party providing a product key or software with at least four (4) business days' notice, on the stand-alone computer for purposes of the review. Timely requests for the installation of such search software will not be unreasonably denied so long as the requested search software is compatible with the operating system, and other software necessary to make the Source Code available for inspection, installed on a Source Code Review computer(s), does not prevent or impede the receiving Party's access to the Source Code Material produced for inspection on Source Code Review computer(s) and does not side-step any of the security features enabled on a Source Code Review computer(s). The receiving Party shall not erase, load, install, compile, or otherwise modify any program (or request that any other program be erased, loaded, installed, or otherwise modified by the producing Party) on the Source Code Review computer(s) without first submitting a written request and obtaining the producing Party's agreement to the request. Additionally, except as provided in paragraph 10(k) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel;

   (b) The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such

        that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c) The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d) The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(e) Access to Protected Material designated Source Code Material shall be limited to (i) outside counsel; (ii) up to three (3) outside consultants or experts[2] (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(d) above; (iii) the Court (its technical advisor, if one is appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this Action; and (iv) while testifying at a deposition or trial in this action only: (a) any current or former officer, director, or employee of the producing Party or original source of the information (if employed during the time of code authorship or use); (b) any person designated by the producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure related to such Source Code Material; and/or (c) any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the Source Code Material, as evident from its face or reasonably certain in view of other testimony or evidence. Court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code Materials. If used during a deposition, the deposition record will identify the exhibit by its bates number. Persons authorized to view the Source Code Materials pursuant to subsections (iii)-(iv) of this subparagraph shall not retain or be given copies of the Source Code Materials except while so testifying;

(f) To the extent portions of Source Code Material are quoted in an electronic copy or image of a document which, pursuant to the Court's rules, procedures, or order, must be filed or served electronically ("Source Code Document"), either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert. Any of the outside consultant's or expert's direct reports and other support personnel with access to the Source Code Material shall review this Protective Order and sign the undertaking attached as Appendix A prior to being given access to the Source Code Material, and the receiving Party will provide a copy of the signed Appendix A to the producing Party.

|     | Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE; |
|-----|---|
| (g) | Except as set forth in this paragraph, no electronic copies or images of Source Code Material shall be made without prior written consent of the producing Party. The receiving Party may create an electronic copy or image of limited excerpts of Source Code Material only to the extent necessary to create Source Code Documents or any drafts of these documents, as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically.7 The receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code Material is used. Images or copies of Source Code Material shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. The communication and/or disclosure of electronic files containing any portion of Source Code Material shall at all times be limited to individuals who are authorized to see Source Code Material under the provisions of this Protective Order. Additionally, all electronic copies must be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE." If Source Code Documents are filed with the Court, they must be filed under seal in accordance with the Court's rules, procedures and orders; |
| (h) | No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated "RESTRICTED CONFIDENTIAL SOURCE CODE" material, except that the receiving Party may request paper copies ("Source Code Printout") of limited portions of the Source Code Material, but only if and to the extent reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. The receiving Party may request no more than 25 consecutive pages, or an aggregate total of more than 500 pages, of Source Code Printouts during the duration of the case without prior written approval by the producing Party, with such approval not to be unreasonably withheld. Additionally, should a receiving Party request pages of Source Code Printouts in excess of the agreed aggregate total of 500 pages, the Producing party agrees to meet and confer with the receiving Party and will not oppose any reasonable requests. The receiving Party shall not request paper copies for the purposes of reviewing the Source Code Material other than electronically as set forth in paragraph (a) in the first instance. Within three (3) business days, the producing Party will provide the requested material on watermarked or colored paper bearing Bates numbers and the legend "RESTRICTED CONFIDENTIAL SOURCE CODE" unless objected to as discussed below. At the inspecting Party's request, up to five additional sets (or subsets) of printed source code may be requested and provided by the producing Party in a timely fashion. In the event that the producing Party believes that a particular printing request is unreasonable or the receiving Party seeks to print additional pages exceeding the printing limits described above, the producing Party and receiving Party shall meet and confer in good faith to attempt to resolve this |

dispute without the Court's involvement. If they cannot resolve the issue, either Party may seek an order from the Court of whether the Printed Source Code in question is reasonably necessary to any case preparation activity. Contested Source Code printouts need not be produced to the requesting Party until the matter is resolved by the Court;

(i)  If the receiving Party's outside counsel, consultants, or experts obtain Source Code Printouts, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the Source Code Printouts under their direct control in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the Source Code Printouts at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the Source Code Printouts to a Court proceeding or deposition, provided that the Source Code Printouts are kept in a secure manner that ensures access is limited to the persons authorized under this Order;;

(j)  A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper via hand carry or via Federal Express. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically as reasonably necessary for filing any Source Code Material with the Court or serving such Source Code Material on another Party. To the extent the Source Code Material is used during a deposition, the receiving Party may transport the Source Code Printouts or the producing Party shall provide copies of Source Code Printouts for use during that deposition;

(k)  The receiving Party's outside counsel and/or expert shall be entitled to take handwritten notes relating to the source code but may not copy any portion of the source code into the notes with the exception of directory paths, file paths, names and line numbers, as necessary to identify the requested portions for printing to the producing Party. The receiving Party's outside counsel may request that the producing Party make available a second "standalone" computer for taking electronic notes in accordance with the limitations on handwritten notes as described in this paragraph. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. The receiving Party may request printouts of the electronic notes each day at the conclusion of the review. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein. Other than the inspection computer, no recordable media or recordable devices, including without limitation sound recorders, personal digital assistants (PDAs), cellular telephones, smart watches, smart glasses, cameras, voice recorders, CDs, DVDs, or drives of

any kind (e.g., USB memory sticks), shall be permitted in the room in which the source code is inspected. Any notes made or stored on the inspection computer or the second computer for electronic note-taking at the conclusion of the review shall be deleted or destroyed by the producing Party, without reviewing the substance of the notes, upon discovery. Notwithstanding the foregoing, any such notes shall be stamped and treated as "RESTRICTED CONFIDENTIAL SOURCE CODE." A log of such notes need not be produced to any other party absent Court Order (e.g., potentially in connection with a Protective Order violation motion). The producing Party may have a person visually monitor, from a distance, the activities of the receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code. The producing Party shall not electronically monitor or record receiving Party's representatives during any source code review. Any visual monitoring must not allow for the producing Party to discern the work product of the receiving Party's representatives.  The Receiving Party shall not be permitted to bring any materials (other than handwritten or printed notes) from the review room into the breakout room including, but not limited to: the stand-alone computer, or any other device or program from the reviewing room, but can utilize other electronic devices not permitted in the review room (e.g., cell phone) in the breakout room;

(l) A list of names of persons who will review Source Code Material on the standalone computer(s) will be provided to the producing Party in conjunction with any written (including email) notice requesting inspection. Prior to the first inspection of any Source Code Material on the stand-alone computer(s), the receiving Party shall provide five (5) business days' notice to schedule the initial inspection with the producing Party. The receiving Party shall provide three (3) business days' notice in advance of scheduling any additional inspections. Such notice shall include the names and titles for every individual from the receiving Party who will attend the inspection. The producing Party may maintain a daily log of the names of persons who enter the locked room to view the source code and when they enter and depart ;

(m) The receiving Party shall maintain a log of all electronic images and paper copies of Source Code in its possession or in the possession of retained experts or consultants, including the names of the recipients and reviewers of any electronic or paper copies and the locations where the copies are stored. Additionally, all electronic copies must be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE." The receiving Party shall also maintain a record of any individual who has inspected any portion of the source code in electronic or paper form, including and dates and times of inspection, such record to be available for inspection by the producing Party with three (3) business days' notice. Any individual who inspects any portion of the source code in electronic or paper form must sign Appendix A and the receiving Party must provide a copy of the signed Appendix A to the producing Party; and.

  (n)  All paper copies shall be securely destroyed if they are no longer necessary in the Litigation. Copies of Source Code Printouts that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

11. Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated RESTRICTED -- OUTSIDE ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.

12. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to,

any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities. If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized herein, the receiving Party must immediately (a) notify in writing the producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

14. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have

  access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation and approved under paragraph 5(d); (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court. Subject to any challenge to a particular designation under paragraph 18, the Parties will not oppose any reasonable request by the designating Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

15. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "RESTRICTED - OUTSIDE ATTORNEYS'

EYES ONLY."

16. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court. The Parties will not oppose any reasonable request by the Producing Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

18. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil

        Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

20. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties, and such documents, information, or material shall be treated under such designation in accordance with this Order. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as

       "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY" in accordance with this Order.

22. Within ninety (90) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

23. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

26. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**So Ordered this**
Jan 3, 2026

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC, § § § Plaintiff, § § v. § § TRIMBLE INC. and CATERPILLAR § TRIMBLE CONTROL TECHNOLOGIES LLC, § § Defendants. § § | | Case No. 2:25-cv-00952-JRG (LEAD CASE) **JURY TRIAL DEMANDED** |
| AGIS SOFTWARE DEVELOPMENT LLC, § § § Plaintiff, § v. § § TYLER TECHNOLOGIES, INC., § § Defendant. § § | | Case No. 2:25-cv-00954-JRG (MEMBER CASE) **JURY TRIAL DEMANDED** |

**APPENDIX A
UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING
PROTECTIVE ORDER**

I, _____, declare that:

1. My address is _____.

   My current employer is _____.

   My current occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for

1

      purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4.    Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

      I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____